```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA              :

    - v -                             :
                                              08 Mag. 2735 (DC)
BERNARD L. MADOFF,                    :

            Defendant.                :

------------------------------------------------------------X
```

**RECEIVED MAR 06 2009 — JUDGE CHIN'S CHAMBERS**

# GOVERNMENT'S MOTION PURSUANT TO
## TITLE 18, UNITED STATES CODE, SECTION 3771

LEV L. DASSIN
Acting United States Attorney
Southern District of New York
Attorney for the United States of America

MARC LITT
LISA A. BARONI
Assistant United States Attorneys

   - Of Counsel -



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/6/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA           :

        - v -                                                    :

BERNARD L. MADOFF,                      :

        Defendant.                              :

------------------------------------------------------------X

## GOVERNMENT'S MOTION PURSUANT TO
## TITLE 18, UNITED STATES CODE, SECTION 3771

The Government respectfully submits this motion, pursuant to Title 18, United States Code, Section 3771, seeking entry of the attached proposed order which describes the procedures to be followed in notifying potential victims of public proceedings to be held in this case.

### Applicable Law

The Justice for All Act of 2004 (the "Act") expanded the rights of victims in federal criminal proceedings and established certain requirements concerning the Government's notification of victims. *See* 18 U.S.C. § 3771(a). The Act provides that crime victims have the following rights: (1) the right to be reasonably protected from the accused; (2) the right to reasonable, accurate, and timely notice of any public court proceeding, or parole proceeding, involving the crime, and timely notice of the release of the defendant; (3) the right not to be excluded from any such public court proceeding, unless the Court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding; (4) the right to be reasonably heard at any public

proceeding in the district court involving release, plea, sentencing, or any parole proceeding; (5) the reasonable right to confer with the attorney for the Government in the case; (6) the right to full and timely restitution as provided in law; (7) the right to proceedings free from unreasonable delay; and (8) the right to be treated with fairness and with respect for the victim's dignity and privacy. *See* 18 U.S.C. § 3771(a). The Act defines a victim of a crime as "a person directly and proximately harmed as a result of the commission of a Federal offense. . . ." 18 U.S.C. § 3771(e).

Section 3771 requires the Court to ensure that crime victims are afforded the rights enumerated in the statute, *see* 18 U.S.C. 3771(b), and obligates the Government to use "best efforts to see that crime victims are notified of, and accorded, the rights" provided, *see* 18 U.S.C. § 3771(c). The Act does not set forth any specific notification procedures. In addition, the Act recognizes that in cases involving a large number of crime victims, it may be impracticable to accord all of the victims the rights identified in Section 3771(a). *See* 18 U.S.C. § 3771(d)(2). Specifically, it provides that in such cases, "the court shall fashion a reasonable procedure to give effect to [the Act] that does not unduly complicate or prolong proceedings." *Id.* A number of Courts in this district have addressed the effect of the Act in cases involving large numbers of victims, particularly securities fraud prosecutions, and have approved procedures similar to those proposed and outlined below. *See, e.g., United States v. Rigas*, S1 02 Cr. 1236 (LBS); *United States v. Ebbers*, S3 02 Cr. 1144 (BSJ); *United States v. Eberhard*, S1 03 Cr. 562 (RWS); *United States v. Bongiorno*, 05 Cr. 390 (SHS).

## Discussion

This case involves charges arising from a scheme to defraud thousands of investors over many years. The criminal complaint alleges that Bernard L. Madoff, the defendant, perpetrated a scheme to defraud the clients of Bernard L. Madoff Investment Securities ("BLMIS"). Specifically, the complaint alleges that the defendant had admitted to two senior employees of Bernard L. Madoff Investment Securities LLC – the broker-dealer that defendant owned and operated – that the investment advisory business that he ran was, "basically, a giant Ponzi scheme," and that he estimated the losses from his fraud to be approximately $50 billion. The complaint further alleges that the defendant made similar admissions to FBI agents who spoke to him on the morning of December 11. Specifically, the defendant told the agents that "there is no innocent explanation," and that he expected to go to jail.

The potential victims in this case include individuals and entities who invested directly with BLMIS. The Government currently is aware of thousands such individuals and entities; however, the Government does not know whether its information is complete. In addition, there are likely to be thousands of additional individuals and entities who invested with BLMIS through investment funds, many of whom have not yet been identified by the Government. Moreover, many of the potential victims reside outside the United States.

Given that there are thousands of potential victims in this case, and that as far as the Government is aware, there is no available compilation of all such individuals and entities, the Government respectfully submits that it is impracticable to give individualized notice to each potential victim. Therefore, the Government requests a finding that, under these circumstances, the number of victims makes it impracticable to accord all of the victims the rights described in

Section 3771(a). In order to give effect to the rights of the victims, however, the Government respectfully submits that the procedure outlined below is "reasonable" under Section 3771(d)(2).

The Government will inform potential victims of all public court proceeding by posting notice of those proceedings on the Internet website of the Office of the United States Attorney for the Southern District of New York: http://www.usdoj.gov/usao/nys. With respect to the plea proceeding scheduled for March 12, 2009, the Government's Internet posting will specify that the Court, in order to conduct orderly proceedings and to maintain a reasonable schedule, requires notice from potential victims who wish to be heard during that proceeding. Therefore, any potential victim who wishes to be heard shall send notice to the United States Attorney's Office by 10:00 a.m. on March 11, 2009, at the following email address: usanys.madoff@usdoj.gov. The Government will seek the agreement of the Court-appointed Trustee for the liquidation of BLMIS (the "SIPC Trustee"), who is actively seeking to identify potential victims, and is encouraging such individuals to file claims with the Trustee, to include on its website, http://www.madoff.com, a link to the U.S. Attorney's Office's website for victims seeking information about public proceedings in the criminal case. Moreover, the media coverage of this case since the defendant's arrest on December 11, 2008, suggests that potential victims can expect virtually immediate dissemination of publicly-available documents and information through a wide variety of media outlets.

The Government respectfully submits that the proposed notice procedure is reasonable to give effect to the rights of the potential victims in this case, and requests that the Court enter the proposed order. Counsel for the defendant informed the Government that they do not have an objection to the Government's proposed notification procedure.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court enter the proposed order.

Dated:   New York, New York
         March 6, 2009

Respectfully submitted,

LEV L. DASSIN
Acting United States Attorney

By:   *Lisa A. Baroni* (signature)

Marc Litt/ Lisa A. Baroni
Assistant United States Attorney
Tel. (212) 637-2295/ 637-2405

5

## DECLARATION OF SERVICE

I, Lisa A. Baroni, declare pursuant to 28 U.S.C. § 1746 that on the 6th day of March 2009, I caused to be placed one copy of the foregoing Motion Pursuant to Title 18, United States Code, Section 3771, in an envelope addressed to:

> Ira Sorkin, Esq.
> Dickstein Shapiro LLP
> 1177 Avenue of the Americas
> New York, NY 10036-2714

and caused the same to be delivered by United States mail, as well as by the Electronic Case Filing system of the United States District Court for the Southern District of New York, as soon as the Court designates this case as such.

I declare under penalty of perjury that the foregoing is true and correct.

*Lisa A. Baroni*
Lisa A. Baroni
Assistant United States Attorney

Dated: New York, New York
       March 6, 2009